IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN CLARK SEKULAR                  :

   v.                              :    Civil Action No. DKC 13-3458
                                                                          Criminal No. DKC 12-0624-002

UNITED STATES OF AMERICA            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion filed by Petitioner Sean Clark Sekular ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 251).[1]  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion will be denied.

**I.   Background**

On December 3, 2012, Petitioner was indicted for conspiracy to distribute and possess with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  (ECF No. 1).  On May 24, 2013, Petitioner pled guilty to the charges against him.  (ECF No. 139). Pursuant to his signed plea agreement, Petitioner had a base

---

[1] All citations to electronic court filings refer to the docket in the criminal case.

offense level of 30 under the U.S. Sentencing Guidelines (the "Guidelines") in effect at the time.  (*Id.* at 4).  After enhancements and reductions, Petitioner's overall offense level was decreased by three levels to level 27, which, combined with his category I criminal history, provided a Guidelines range of 70-87 months imprisonment.  (*Id.* at 5; ECF No. 163, at 20).  He was sentenced to a term of 78 months imprisonment.[2]  (ECF No. 219).  Petitioner did not appeal.  On November 26, 2013, he timely filed the pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 251).  The government opposed (ECF No. 261), and Petitioner filed a reply (ECF Nos. 301).  He makes a single claim that he was not sentenced pursuant to the correct guideline, i.e., for no kilograms of marijuana.

**II.   Motion to Vacate, Set Aside, or Correct Sentence**

   **A.   Standard of Review**

Section 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

---

[2] Petitioner's sentence was later reduced from 78 to 64 months after an unopposed motion for a reduction under 18 U.S.C. § 3582(c)(2) based on retroactive application of Amendment 782 to the Guidelines.  (ECF No. 332).

maximum authorized by law[.]"  28 U.S.C. § 2255(a).  If the § 2255 motion, along with the files and records of the case, conclusively shows that the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be summarily denied.  *See id.* § 2255(b).

### B. Procedural Default

As the government points out, Petitioner never brought the claim he brings in this motion on a direct appeal.  The ordinary rule is that "an error can be attacked on collateral review only if first challenged on direct review."  *United States v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999); *see also United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001).  "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[.]"  *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).  A showing of cause for a procedural default "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel."  *Id.* at 493.  To establish actual prejudice, the petitioner must show that the error worked to his actual and substantial disadvantage, rather than merely

creating a possibility of prejudice. *Murray v. Carrier,* 477 U.S. 478, 494 (1986).

Petitioner alleges that his procedural default is the result of ineffective assistance of counsel. Claims of ineffective assistance of counsel are generally governed by the well-settled standard adopted by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on a *Strickland* claim, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland,* 466 U.S. at 688. There is a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Strickland,* 466 U.S. at 688–89; *Bunch v. Thompson,* 949 F.2d 1354, 1363 (4th Cir. 1991).

Petitioner asserts that his counsel refused to file an appeal of his original sentence. Refusal to file an appeal that a criminal defendant has requested constitutes ineffective assistance of counsel regardless of whether it would prejudice the outcome of defendant's case. *U.S. v. Peak*, 992 F.2d 39, 41-42 (citing *Rodriquez v. U.S.*, 395 U.S. 327, 329-330 (1969)); *see also U.S. v. Wright*, 538 Fed.App'x 237 (4th Cir. 2013) ("[C]ounsel's failure to file a notice of appeal as directed constitutes per se ineffective assistance.") (unpublished

4

opinion).  Petitioner admits, however, that counsel did not refuse outright, but, rather, "they convinced him it was an impracticable exercise." (*Id.* at 5).  In short, counsel advised against appeal and he accepted their advice.[3] *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) ("If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.").  Petitioner, therefore, cannot justify his failure to appeal by way of ineffective assistance of counsel, and his claim that could have been raised on appeal is procedurally defaulted.

   C.  **Petitioner's Base Offense Level**

Even if Petitioner had not procedurally defaulted, his claim here lacks merit.  Petitioner contends that the court made an error in establishing his base offense level of 30 for sentencing purposes.  (ECF No. 251, at 4).  Specifically, he says that the indictment and plea agreement indicated that he was charged with possession with intent to distribute 100 kilograms of marijuana, whereas the Guidelines establish a base

---

[3] To the degree that Petitioner challenges the effectiveness of this advice, counsel's assistance falls well within the standards described above.  After Petitioner had waived his right to appeal his sentence unless his term of imprisonment exceeded the range set forth for offense level 27 under the plea agreement, it was certainly reasonably professional to advise against an appeal.  (ECF No. 139, at 7).

level of 30 for a drug quantity of 700-1,000 kilograms. (*Id.*; ECF No. 251-1, at 4). Under the Guidelines, he argues, he should have started at a base level of 26, which covers drug quantities of 100-400 kilograms of marijuana. (*See* ECF No. 251-1, at 3).

Taking Petitioner's argument at face value, he seems to have confused the quantity identified in the name of crime to which he pled guilty with the drug quantities actually involved in his conspiracy. Although the offense for which he was convicted was "conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana," the government's case against him was not based on exactly 100 kilograms. Rather, "100 kilograms or more" meant significantly more in this case. Inclusion of the quantity 100 kilograms in the name of the offense could cause confusion in some cases, but it was quite clear in this case that drug quantities of 700-1,000 kilograms were the basis of his sentence.

In fact, it is hard to square Petitioner's actions during the criminal proceedings with his present argument that he "truly believed his base offense level was originating at 26." (ECF No. 301, at 7). First, Petitioner's signed plea agreement explicitly stated, "The base level is 30, because the quantity of marijuana attributable to the Defendant was more than 700 kilograms but less than 1,000 kilograms." (ECF No. 139, at 4).

6

Second, a statement of stipulated facts presented to the court at the Rule 11 hearing similarly stated that, over the course of the drug conspiracy in which he participated, he "conspired to distribute and possess with intent to distribute 700 kilograms or more but less than 1,000 kilograms or marijuana." (ECF Nos. 139-1, at 2; 163, at 6). In addition to signing the plea agreement, Petitioner separately signed this statement of facts, which was less than three pages long. (ECF No. 139-1, at 3).[4] At his Rule 11 hearing, Petitioner and his lawyer affirmed that they had reviewed this information together. Hearing Audio Recording at 2:47:15-2:48:08 PM, *USA v Mancilla-Brevichet*, No. 12-cr-00624-DKC-2 (hereinafter "Rule 11 Recording").

More importantly, that statement of facts was read aloud at the Rule 11 hearing, Rule 11 Recording at 2:29:31-2:35:47 PM, and Petitioner admitted that these facts were true, Rule 11 Recording at 2:37:08-39 PM. "Absent extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005); *Fields v. Attorney Gen. of*

---

[4] Petitioner's counsel also signed both the plea and the statement of facts.

7

*Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy"). Petitioner now argues that he had not been aware of the stipulated facts until just before the hearing and that the government added the 700-1,000 kilogram range for the first time in that statement of facts. As noted, the same range is mentioned on page four of the plea agreement itself, but even if Petitioner had not noticed that important range prior to the hearing, the record demonstrates that he clearly understood what he was admitting before the court. When asked whether the facts were true, Petitioner, apparently paying close attention to their reading, corrected a mistake that the government's attorney made while reading the statement. Rule 11 Recording at 2:35:47-2:37:08 PM. Because that attorney accidentally said that the crime was conspiracy to distribute and possession with intent to distribute "1,000 kilograms or more" instead of "100 kilograms or more" when reading page one, Petitioner consulted with his lawyer and had the error corrected before admitting to the facts as read. Rule 11 Recording at 2:35:47-2:37:08 PM. The government and the court confirmed for Petitioner that the charge was for 100 kilograms or more. Rule 11 Recording at 2:30:00-2:30:22 PM. To dispel any confusion that might have arisen from the admission on page one, the court then

specifically pointed out that the more important concession was the drug quantity of 700-1,000 kilograms on page two. Rule 11 Recording at 2:37:08-39 PM. Having clarified that he was admitting to what was written in the statement, Petitioner agreed that the facts were true and that he wanted to plead guilty to the charges. (*Id.*). The same statement of facts was included in the presentencing report (ECF No. 163, at 6), which Petitioner's counsel confirmed at sentencing that he had reviewed with Petitioner (ECF No. 255, at 3), and both the government and the court also referenced these facts at sentencing (ECF No. 255, at 12, 17, 26). Petitioner, however, did not challenge the drug quantities range until the present motion.

In short, the record shows quite clearly that Petitioner was aware of the charges and drug quantities for which he was indicted, of the evidence the government purported it could prove, of the terms of the plea agreement, and of the sentencing range that attached to it. His sentence, based on this record, was reasonable and authorized by law. Petitioner therefore has not shown that his sentence warrants correction.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order

adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484–85.

Upon review of the record, the court finds that Petitioner does not satisfy the above standards.  Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.

**IV. Conclusion**

For the foregoing reasons, Petitioner Sean Clark Sekular's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.  A separate order will follow.

                                /s/
                        DEBORAH K. CHASANOW
                        United States District Judge